JOURNAL ENTRY AND OPINION
The State of Ohio appeals from a judgment of the common pleas court which dismissed six counts of an indictment against Maurice Grays charging him with fraudulent acts concerning a vehicle identification number in violation of R.C. 4549.62(D)(1). On appeal, the state contends the court erred in conducting a threshold hearing to determine whether the statutory exception for licensed motor vehicle salvage dealers applied to Grays, arguing that a trier of fact should make such a determination. After careful review, we agree and therefore reverse the judgment of the trial court, reinstate counts two through seven, and remand the case for further proceedings consistent with this opinion.
The facts of the case reveal that Grays owns Eddie's Towing, Inc. and, in conjunction with that business, operates an automobile salvage yard pursuant to a licence issued by the State of Ohio. On September 6, 2000, the Auto Theft Unit of the Cleveland Police Department conducted a routine inspection of the grounds and contents of Grays' business and found five automobiles, each missing the manufacturer's vehicle identification number, or VIN, as well as two engines with obliterated VIN's. When Grays failed to produce title documents for these items, the police arrested him.
The Auto Theft Unit later determined that of the five vehicles without a VIN, only one had been reported stolen. Subsequently, the state indicted Grays with one count of receiving stolen property and six counts of committing fraudulent actions concerning a VIN, a violation of R.C.4549.62.
On February 26, 2001, immediately before the commencement of trial, Grays moved to dismiss six counts of the indictment which related to fraudulent actions concerning a VIN, asserting that because he possessed a motor vehicle salvage dealer's license, division (D)(3) of R.C. 4549.62
exempted him from prosecution.
Noting that the statute states that division (D)(3) does not create an element of an offense or an affirmative defense, the trial court commented that: I think that this particular section takes it right away from the jury, saying it is neither an element of the offense or [an affirmative] defense. (Tr. 13.)
The court then decided that it would hold a threshold hearing to determine whether division (D)(3) would exempt Grays from prosecution. The court stated that it would determine at this hearing whether Grays acquired or possessed the prohibited items in good faith and in the ordinary course of business. The court then placed the burden of proof on Grays to establish that division (D)(3) exempted him from prosecution under R.C. 4549.62(D)(1).
Following testimony by several Auto Theft detectives and Grays, the court found that Grays held a salvage dealer's license, that he possessed four cars and two engines without a VIN in the ordinary course of his business, and that none of these cars or engines were stolen. Therefore, the court determined that he was not subject to prosecution for violation of R.C. 4549.62(D)(1), and dismissed counts two through seven of the indictment.
The state now appeals that determination and raises three assignments of error for our review. Grays did not submit a responsive brief. The state's first assignment of error states:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DISMISSING COUNTS TWO THROUGH SEVEN OF THE INDICTMENT ON THE BASIS OF AN ERRONEOUS INTERPRETATION OF R.C. 4549.62(D)(3).
The state contends that the court erred in holding a threshold hearing to determine whether the good faith business exception set forth in R.C.4549.62(D)(3) applied to exempt Grays from prosecution pursuant to R.C. 4569.62(D)(1); consequently, the state claims, the court erred in dismissing six counts of the indictment against Grays.
The issue then presented for our review, which appears to be a matter of first impression, concerns whether the court erred in interpreting R.C. 4549.62(D)(3) as requiring it to conduct a threshold hearing to determine whether the good faith business exception exempts a salvage dealer from prosecution.
The relevant portions of R.C. 4549.62 state as follows:
 (D)(1) No person shall buy, offer to buy, sell, offer to sell, receive, dispose of, conceal, or, except as provided in division (D)(4) of this section, possess any vehicle or vehicle part with knowledge that the vehicle identification number or a derivative thereof has been removed, defaced, covered, altered, or destroyed in such a manner that the identity of the vehicle or part cannot be determined by a visual examination of the number at the site where the manufacturer placed the number.
* * *
 (3) Divisions (A), (B), and (D)(1) and (2) of this section do not apply to the good faith acquisition and disposition of vehicles and vehicle parts as junk or scrap in the ordinary course of business by a scrap metal processing facility as defined in division (E) of section 4737.05 of the Revised Code or by a motor vehicle salvage dealer licensed under Chapter 4738. of the Revised Code. This division (D)(3) does not create an element of an offense or an affirmative defense, or affect the burden of proceeding with the evidence or burden of proof in a criminal proceeding. (Emphasis added.)
Two primary issues demand resolution on this appeal. The first is whether a court or a trier of fact should consider application of R.C.4549.62(D)(3), and this is dependent upon whether the matter at issue presents a question of law or a question of fact. If the former, the resolution lies with the court; if the latter, its resolution belongs to the finder of fact.
Here, questions of whether Grays possessed a validly issued salvage dealer's license, whether he acquired the prohibited items in good faith, and whether Grays acted in the ordinary course of his business, are all factual questions reserved for determination by a fact-finder, not matters of law for court determinations.
The more difficult question, however, concerns the meaning of those portions of the statute which provide that division (D)(3) has neither added an element of the crime for the state to prove nor created an affirmative defense for the defendant to prove; that it has not changed the burden of proceeding, or changed the burden of proof. It is this rather perplexing phraseology which had led the trial court to conclude that it should hold a threshold hearing to determine the application of the good faith business exception, giving rise to the instant appeal.
R.C. 147 provides, in relevant part:
In enacting a statute, it is presumed that:
* * *
(C) A just and reasonable result is intended.
* * *
Furthermore, in determining legislative intent when faced with an ambiguous statute, a court may consider several factors, including the legislative history. See Bailey v. Republic Engineered Steels, Inc. (2001), 91 Ohio St.3d 38, 741 N.E.2d 121.
See, also, R.C. 1.49, which states:
 If a statute is ambiguous, the court, in determining the intention of legislature, may consider among other matters:
* * *
(C) The legislative history.
* * *
Here, Legislative Service Committee Bill Analyses regarding the legislative history of R.C. 4549.62 states in relevant part:
 Good faith business exception Licensed motor vehicle salvage dealers constantly acquire and dispose of vehicles and parts whose VINs or derivatives have been destroyed, or destroy the VIN or derivative in the ordinary course of their business. They are required to be licenced, under R.C. Chapter 4738, in part, for the purpose of preventing their use as fronts to dispose of stolen vehicles and parts. They are required to keep records, which, in the ordinary course of an honest business, should show that they had inspected such numbers and had neither purchased or sold any vehicle in violation of law.
* * *
 The bill therefore excepts the good faith acquisition and disposition of vehicles and parts in the ordinary course of business by a scrap metal processing facility or a licensed motor vehicle salvage dealer. (Emphasis original.)
* * *
 The bill specifically states that this exception does not create an element of an offense or an affirmative defense, or affect the burden of proceeding with the evidence or burden of proof in a criminal proceeding. The apparent intent is to avoid the possibility that a court might require the prosecution to prove that defendants were not scrap processors or salvage dealers and were not engaged in business operations; and also to avoid the possibility that a scrap processor or salvage dealer, if charged with the offense, would be required to prove as an affirmative defense that it was engaged in ordinary business operations. (Emphasis added.)
LSC Bill Analyses, Am.Sub.H.B. No. 632 (as Passed by the House) 1984-1985 LSC Bill Analyses, 115th GA House Bill 361-HB 904 (available in film form in Cleveland Law Library).
Mindful of a presumption that the legislature, in enacting a statute, intends a reasonable result, R.C. 1.47, and, assisted by the above analysis on the legislative intent of this bill, we construe the phrase does not create an element of an offense as relating to the burden of proof: the state, for its case-in-chief, does not have the burden to prove a negative: that a defendant charged with this crime is not a salvage dealer engaged in business operations. Rather, the burden of going forward with evidence to establish a salvage dealer status is with the defendant.
Similarly, the language stating that (D)(3) does not create an affirmative defense relates to the burden of proof.[1] In this connection, R.C. 2901.05 address the burden of proof to be carried by a defendant raising an affirmative defense:
 (A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused. (Emphasis added.)
See, also, e.g., State v. Palmer (1997), 80 Ohio St.3d 543, 687 N.E.2d 685.
Thus, the language in R.C. 4549.62 stating that the good faith business exception does not create an affirmative defense means that a defendant who evidences status as a salvage dealer does not have the burden to prove that he was not engaged in good faith acquisition and disposition of prohibited items in the ordinary course of business. As referenced by the LSC, the intent here is to avoid the possibility that a salvage dealer, if charged, would be required to prove, as an affirmative defense, that it engaged in ordinary business operations. Since the legislature specifically did not place that burden on the accused, this becomes a burden for the state when the accused produces evidence of his status as a allegation that he acquired or possessed vehicles or parts with knowledge that their VINs had been removed; however, he asserts that although he engaged in conduct prohibited by the statute, he is excepted from prosecution because he acquired or disposed of such items in good faith and in ordinary business operations. Thus, to give a rational reading to this apparently inconsistent language, we cannot but construe the import of this language as relating to the burden of proof issue.
Thus, the statute prevents prosecution of vehicle salvage dealers provided that they, in the ordinary course of business, acquired and disposed of vehicles and parts without VIN's in good faith. To act in good faith, a salvage dealer is obligated to keep records showing that he inspected the VIN's and had neither purchased or sold any vehicle in violation of law. See LSC Bill Analyses, supra.
Furthermore, when the state prosecutes conduct proscribed by R.C.4549.62(D)(1), it must initially demonstrate to a fact finder the prima facie elements of its case; thereafter, an accused who asserts the good faith business exception carries the burden of presenting a preponderance of evidence to establish his status as a licensed salvage dealer. Upon presentation of such evidence, the state then has the burden to prove, beyond a reasonable doubt, that division (D)(3) does not exempt the defendant: by evidencing either that such a dealer failed to acquire or dispose of the prohibited items in good faith or failed to do so in the ordinary course of business.
Whether the parties here can meet their respective burdens of proof is a matter for the fact-finder to resolve upon proper instruction from the trial court. We recognize that "good faith" has been defined as an honest belief, the absence of malice and the absence of design to defraud or to seek an unconscionable advantage; it connotes an honesty of intention and freedom from knowledge of circumstances which would put the party acting in good faith on inquiry. See, e.g., Takacs v. Baldwin (1995),106 Ohio App.3d 196, 665 N.E.2d 736; Black's Law Dictionary (6 Ed. 1990) 693. And, ordinary course of business, on the other hand, denotes the transaction of business according to the common usages and customs of the commercial world generally or of the particular community or in some cases of the particular individual whose acts are under consideration. See, e.g., Black's Law Dictionary (6 Ed. 1990) 1098. These definitions may be helpful to a trier of fact in its determination of these matters.
Accordingly, we reverse the judgment of the court, reinstate counts two through seven, and remand this case for further proceedings in accordance with this opinion.
Our disposition of the state's first assignment of error renders the remaining assignments moot, and, pursuant to App.R. 12(A)(1)(c), we decline to address them.
Reversed. Matter remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into a certified execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J. and ANNE L. KILBANE, J. CONCUR.
[1] The Black's Law Dictionary 60 (6 Ed. 1990) defines an affirmative defense as [a] response to a plaintiff's claim which attacks the plaintiff's legal right to bring an action, as opposed to attacking the truth of claim. In State v. Poole (1973), 33 Ohio St.2d 18, the court stated, similarly, that affirmative defenses represent not a mere denial or contradiction of evidence which the prosecution has offered as proof of an essential element of the crime charged, but, rather, they represent a substantive or independent matter which the defendant claims exempts him from liability even if it is conceded that the facts claimed by the prosecution are true, quoting Anderson, 1 Wharton's Criminal Evidence (12 Ed.), 54 and 55, Section 19. Pursuant to this definition, then, the good faith business exception would logically be categorized as an affirmative defense: this is because a defendant claiming this exception admits the truth of a state's salvage dealer.