DECISION AND JUDGMENT ENTRY
The State of Ohio appeals the decision of the Athens County Municipal Court dismissing its case for lack of criminal jurisdiction. It assigns the following error:
 THE TRIAL COURT ERRED IN RULING THAT R.C. 3791.04 IS NOT A CRIMINAL PROVISION OF THE OHIO REVISED CODE.
Finding no merit in the assigned error, we affirm the judgment of the trial court.
In February, 2001, the State filed a criminal complaint in Athens County Municipal Court charging appellee, Dan Simms, with a violation of R.C. 3791.04(A). The complaint alleged that Simms "as owner of a new building * * * did fail to submit plans to the superintendent of the division of industrial compliance for the construction of said new building." The complaint indicated that R.C. 3791.04(A) was an unspecified misdemeanor, with a fine of not more than five hundred dollars. In April, 2001, appellee filed a motion to dismiss on the basis that R.C. 3791.04(A) is not a criminal offense. After conducting a hearing, the trial court granted appellee's motion to dismiss, stating:
 [T]he Court finds that while O.R.C. § 3194.04(J) (sic) provides that a person who violates O.R.C. 3791.04
shall be fined not more than $500.00, it does not provide that a person violating the code section is guilty of a misdemeanor. Therefore, the Court finds that it lacks criminal jurisdiction over the Complaint filed against [appellee]. Appellant filed a timely notice of appeal.
The issue before us is whether a violation of R.C. 3791.04(A) is a civil or criminal action. Accordingly, we turn to the language of the statute to determine if the legislature intended a violation of R.C.3791.04(A) to be a criminal offense. In doing so, we are mindful of the well-settled principle of statutory construction that we are not free to read additional words into a statute that is clear on its face. Baileyv. Republic Engineered Steels, Inc. (2001), 91 Ohio St.3d 38, 39-40,741 N.E.2d 121, 123; Cleveland Elec. Illum. Co. v. Cleveland (1988),37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus. Absent any ambiguity, we must give full force to the words used in the statute when it was enacted by the legislature. Clark v. Scarpelli (2001),91 Ohio St.3d 271, 274, 744 N.E.2d 719, 723-724; State ex rel. Savaresev. Buckeye Local School Dist. Bd. of Edn. (1996), 74 Ohio St.3d 543,545, 660 N.E.2d 463, 465.
Chapter 3791 of the Revised Code is entitled "Building Standards Offenses and Penalties." The word "criminal" is conspicuously lacking. While offenses are generally construed as being criminal in nature, see Black's Law Dictionary, (Abridged 6 Ed. 1991) 745, penalties are often imposed for civil violations. See R.C. 519.23 prohibiting violations and R.C. 519.99 imposing a fine of "not more than one hundred dollars for each offense." (Emphasis Added.) See, also, Black's at 784 (noting that a penalty may be civil or criminal, although it is generally confined to apecuniary punishment). The statute is clear that anyone found in violation of R.C. 3791.04 will be subject to a fine of not more than $500.00. R.C. 3791.04(J). However, there is no indication that the violation is a misdemeanor of any type.
Conversely, the legislature specifically enacted R.C. 3791.99, entitled "Penalty," which provides:
 Whoever violates division (B) of section 3791.11 or division (D) of section of 3791.21 of the Revised Code is guilty of a minor misdemeanor. Id.
R.C. 3791.99 designates which violations of Chapter 3791 are to be considered misdemeanors. Obviously absent from this provision is a violation of 3791.04(A) or any other violation of 3791.04. If the legislature had intended for an infraction of 3791.04 to be a misdemeanor of any sort, specified or unspecified, they would have included it in the "penalty" section of 3791.99.
In addition, R.C. 3791.031(E) specifically provides that anyone found guilty of this section is guilty of a minor misdemeanor. This language is nowhere to be found in R.C. 3791.04. Had the legislature intended that a minor misdemeanor be charged, they would have included similar language in the statute. However, they did not, so we must assume that they did not intend a violation of that section to be a criminal offense.
Appellant's reliance on State v. Seckler (Dec. 3, 1999), Ottawa App. No. OT-99-023, unreported, is misguided. While the Sixth District Court of Appeals did uphold a criminal violation of 3791.04(B), the question of whether the violation was a criminal or civil cause of action was not before the court. The court there was only faced with whether the appellant did in fact violate the statute. The holding in Seckler is neither binding nor persuasive in our determination that R.C. 3791.04(A) is a civil provision of the Revised Code.
Appellant also relies on other unrelated chapters of the Revised Code to justify its position. Nevertheless, as we previously stated, we will look only to the precise words of the statute when it is apparent that the statute is clear on its face. Bailey, supra, 91 Ohio St.3d at 39-40,741 N.E.2d at 123. There is no need to look into other chapters of the Revised Code.
Since we are unaware of any other statutory provisions that would make a violation of R.C. 3791.04(A) a misdemeanor, or any other criminal offense, we conclude that a violation of R.C. 3791.04(A) is enforced by a civil action. Accordingly, the trial court was correct in determining that R.C. 3791.04(A) was not a criminal provision in the Revised Code and properly dismissed the action for lack of jurisdiction.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J. Concur in Judgment and Opinion.