JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Deborah Martin ("appellant") appeals from the decision of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendants-appellees Pechiney Plastic Packaging, et al. ("Pechiney"). Appellant sought judicial review of the administrative denial of her claim by the Bureau of Workers' Compensation. Under the Ohio workers' compensation law a mental injury is not compensable. Therefore, for the reasons discussed below, we affirm the trial court.
 I {¶ 2} In the case at bar, appellant was employed by Pechiney. While at work, appellant's supervisor, Darwin Deskins, propositioned appellant asking, "Am I going to get my hug today?" encouraging her that "no one is here to see us." Plaintiff refused Deskins' advances. Deskins continued making inappropriate sexual comments to appellant throughout the morning of the work day. Later that day, Deskins summoned appellant to an upstairs office. Deskins grabbed appellant by her wrist and pulled her into an office. He then proceeded to forcibly hug appellant, attempted to kiss her, and placed his hand on her left breast. He also attempted to unbutton her sweater, succeeding in unbuttoning one button prior to appellant shoving him away and breaking free of him. It is undisputed that Deskins did not physically injure appellant.
 {¶ 3} The next day, appellant informed her union representative what had happened. Pechiney's internal investigation resulted in Deskins' employment being terminated. Deskins was later indicted and found guilty of one count of gross sexual imposition against appellant.
 {¶ 4} Appellant sought treatment from her family physician, who diagnosed appellant with posttraumatic stress disorder related to the assault by Deskins. Following that diagnosis, appellant filed a claim with the Bureau of Workers' Compensation. That claim was denied by the bureau and appellant appealed to the Cuyahoga County Common Pleas Court. Pechiney responded to appellant's appeal with a motion for summary judgment. The motion was granted by the trial court finding that appellant had not received an injury as it is defined in R.C. 4123.01(C) of the Workers' Compensation Act. It is from that decision that appellant now appeals.
 II {¶ 5} Appellant's sole assignment of error states the following: "The trial court erred, as a matter of law, by granting summary judgment upon the issue of whether plaintiff suffered an injury as defined by R.C. 4123.01(C)."
 {¶ 6} Civ.R. 56 provides that summary judgment may be granted only
 {¶ 7} after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. OhioStd. Oil Co. (1982), 70 Ohio St.2d 1. Our standard for review for summary judgment is the same as that of the trial court. As a result, we review cases de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704.
 {¶ 8} As previously mentioned, in this case appellant suffered unlawful sexual advances, comments, and touching from her supervisor, Darwin Deskins. Her employer learned of this and fired the supervisor. Subsequently, appellant prosecuted him for criminal gross sexual imposition, of which he was convicted. The facts showed claimant suffered no physical harm from Deskins' acts, but alleged mental harm. Appellant applied for workers' compensation. The Industrial Commission correctly denied her claim and the trial court sustained its ruling. We see no reason to depart from the trial court's judgment.
 {¶ 9} As painful and as sad as this situation is, appellant's mental injury is not compensable under Ohio's workers' compensation law. R.C. 4123.01(C) defines a workers' compensation "[i]njury" as: "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." "Injury" does not include:
 {¶ 10} "(I) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease."
 {¶ 11} R.C. 4123.01(C)(1) also explicitly allows for a psychiatric injury that arises from a physical injury or occupational disease.
 {¶ 12} We recognize that lower courts have assumed the injury must occur to the person with the mental injury. Accordingly,Bailey v. Republic Engineered Steels, Inc., 91 Ohio St.3d 38,2001-Ohio-236, reaffirms a physical injury must also exist, but that it can be the accidental injury of a third party that causes the mental injury and it can occur to that claimant. Bailey
does not do away with the necessity of an accidental physical injury, which we believe is lacking in this case. The injury in the case sub judice was not accidental.
 {¶ 13} As the court in Bailey stated:
"The Worker's Compensation Act is a product of compromisebetween employers and employees. The compromise is that if thereis an event arising out of workplace requirements, which event isthe proximate cause of a worker's injury, that worker should beafforded the protections of a compensable claim. In exchange, theemployer is granted immunity from civil suit. The Act providesthe statutory mechanism for providing case-wage benefits andmedical care to victims of work-connected injuries and forallocating the care to victims of work-connected injuries and forallocating the ultimate cost of such injuries to consumers byaugmenting the cost of goods or services that are a product ofthat work in order to reimburse employers for a prescribedinsurance premium." Id at 41.
 {¶ 14} In the instant case, the claimant suffered psychiatric injury without any accompanying physical injury. The issue in the case at bar is not whether Deskins injured appellant, but whether appellant's injury is an accidental one resulting in psychiatric injury that arose from her work experience. We appreciate the fact that claimant's remedy against Deskins, the tortfeasor, does not appear promising; however, it is the appropriate remedy for her.
 {¶ 15} Appellant's assignment of error is denied. We hereby affirm the trial court's ruling.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
PATRICIA ANN BLACKMON, P.J., Concurs.
 SEAN C. GALLAGHER, J., dissents with separate dissentingopinion.