{¶ 17} I respectfully dissent from the majority analysis holding that appellant, Deborah Martin, suffered a psychiatric injury without any accompanying physical injury making her ineligible for compensation under Ohio's workers' compensation law. I would find a corresponding physical injury did occur, rendering her mental injury compensable.
 {¶ 18} The parties agree on the relevant facts in this case; therefore, summary judgment is the appropriate vehicle because the sole issue is purely legal. The majority holds that the gross sexual imposition committed by Deskins does not qualify as an injury under R.C. 4123.01(C). I believe under these facts the injury is compensable.
 {¶ 19} R.C. 4123.01(C) reads in pertinent part:
 {¶ 20} "(C) `Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. `Injury' does not include: (1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease[.]"
 {¶ 21} A psychiatric condition, such as mental stress, not arising from an accompanying physical injury, is not compensable as an "injury" for purposes of workers' compensation. Bunger v.Lawson Co., (1998), 82 Ohio St.3d 463.
 {¶ 22} "[T]he purpose of the Act is to protect employees against risks and hazards incident to the performance of their work." Phelps v. Positive Action Tool Co. (1986),26 Ohio St.3d 142. Additionally, R.C. 4123.95
provides that these requirements must be liberally construed in favor of awarding benefits to injured employees.
 {¶ 23} As readily identified from the above language, purely psychiatric conditions not resulting from a physical injury are not covered by this statute.
 {¶ 24} The Ohio Supreme Court, however, has expanded the definition of "injury" (in the Workers' Compensation Act context) to include a worker suffering a psychiatric condition without personally suffering an accompanying physical injury or touching.Bailey v. Republic Engineered Steels, Inc. (2001),91 Ohio St.3d 38. In Bailey, the plaintiff filed an application for workers' compensation benefits for the condition of severe depression which he sustained as a result of his accidental killing of a co-worker. The Ohio Supreme Court determined that "a psychiatric condition of an employee arising from a compensable injury * * * suffered by a third party is compensable * * *." Id. at 42. (Emphasis added.) Pechiney argues and the majority holds that because Martin is not a "third party" and the injury is not an accident, the law of Bailey is inapplicable. I disagree.
 {¶ 25} In Bailey, the Ohio Supreme Court identified an ambiguity in R.C. 4123.01(C)(1) which precluded workers' compensation coverage for psychiatric injuries "except where the conditions have arisen from an injury or occupational disease[.]" Id. This portion of the statute did not specify that the injury must occur to the same worker requesting coverage for a psychiatric condition. Therefore, Bailey's claim for coverage arising from his witnessing of another worker's compensableinjury was determined to fit within the definition in the statute. Id. Pechiney argues, as an issue of initial determination, that the gross sexual imposition committed upon Martin is not an injury under R.C. 4123.01(C).
 {¶ 26} To establish that the gross sexual imposition was an injury, Pechiney asserted in oral argument that Martin must have a specific medical diagnosis of physical injury to establish an "injury" as defined by R.C. 4123.01(C). While the statute and accompanying case law do not declare the method by which injury must be established, Pechiney's suggested method is an appropriate method to validate proof of injury. However, it is not the only valid method.
 {¶ 27} R.C. 2907.05, Gross Sexual Imposition, is defined as follows:
 {¶ 28} "(A) No person shall have sexual contact with another * * * when any of the following applies:
 {¶ 29} "(1) The offender purposely compels the other person to submit by force or threat of force."
 {¶ 30} Deskins was convicted of victimizing Martin under this statute. Pechiney's argument, however, is that gross sexual imposition is not an injury as defined by the Workers' Compensation Act. I disagree.
 {¶ 31} "Force" is defined under R.C. 2901.01(A)(1) as "* * * any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."
 {¶ 32} "Physical harm to persons" under R.C. 2901.01(A)(3) "means any injury, illness or physiological impairment, regardless of its gravity or duration."
 {¶ 33} "Serious physical harm to persons" under R.C.2901.01(A)(5)(a) includes "[a]ny mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment."
 {¶ 34} While not expressly required as an element for a conviction, both physical harm and serious physical harm can occur to a victim under the gross sexual imposition statute depending on the facts and circumstances of each case. State v.Dawson (June 4, 1984) Cuyahoga App. No. 47609, State v. Mona
(June 19, 1991), Summit App. No. C.A. 14818.
 {¶ 35} Further, R.C. 2907.05, Gross Sexual Imposition, is an offense of violence as defined under R.C. 2901.01. In terms of injury, victims under the gross sexual imposition statute have the right of notification upon discovery by the law enforcement agency, or the courts, that an offender has a communicable disease. R.C. 2907.30(B).
 {¶ 36} Both physical injury and physical trauma are contemplated by the definition of injury in the workers' compensation statute. "Disabilities * * * without contemporaneous physical injury or physical trauma are not compensable injuries [under] * * * R.C. 4123.01(C)." Qualls v. Daugherty (Feb. 3, 1981), Montgomery App. No. 6919. "`[I]njury' comprehends a physical or traumatic damage or harm * * *." Thibodeaux v.Bureau of Workers' Compensation and Rockwell International (Dec. 20, 1979), Franklin App. No. 79AP-557.
 {¶ 37} Once a worker is physically touched, either by a box falling from a shelf or another employee groping them, the potential for injury or physical trauma exists. R.C. 2907.05
implicitly recognizes that the physical touching (i.e., sexual contact) Martin endured was traumatic and, therefore, injurious. Moreover, in the criminal case, Martin's injury was established using the most stringent burden of proof our legal system requires — beyond a reasonable doubt.
 {¶ 38} The facts in Bailey are even more removed from the definition of injury contained in the statute than those here. Bailey was not physically injured. Bailey was not even physically touched during the course of events leading to his compensable psychiatric injury. Bailey, 91 Ohio St.3d 38. Bailey actuallycaused the events that precipitated his psychiatric condition resulting in his claim. Id. Finally, no criminal act was committed upon Bailey precipitating his psychiatric condition. Id.
 {¶ 39} In contrast, Martin was physically touched and didnot cause the events precipitating her psychiatric condition and corresponding claim. As in Bailey, Martin was also a witness, albeit forced, to the events resulting in her psychiatric condition. Finally, it was proven, beyond a reasonable doubt, that Martin was a victim of a gross sexual imposition — certainly a physical trauma.
 {¶ 40} The issue then is whether a psychiatric condition arising from gross sexual imposition is within the definition of injury in R.C. 4123.01(C) and, therefore, compensable under workers' compensation law. I believe that it is.
 {¶ 41} Bailey stands for the proposition that psychiatric injury without an accompanying physical injury can be compensable under workers' compensation law. See Bailey, 91 Ohio St.3d 38. To find Bailey "injured" while finding Martin not injured under the statutory definition, leads to an inconsistent conclusion — a claimant causing events that result in his psychiatric condition without a physical touching or injury to that worker entitles him to compensation, while being sexually battered by another's conduct is not compensable.
 {¶ 42} Although not an issue raised by either party here, I recognize that "[i]f the injury is the result of an intentional tort, though committed at the workplace, then there is a complete breach of the employment relationship and the Industrial Commission has no jurisdiction over the claim." Brady v.Safety-Kleen Corp. (1991), 61 Ohio St.3d 624.
 {¶ 43} "[W]e reaffirm our prior holding in Blankenship,
supra, and hold that a cause of action brought by an employee alleging intentional tort by the employer in the workplace is not preempted by Section 35, Article II of the Ohio Constitution, or by R.C. 4123.74 and 4123.741. While such a cause of action contemplates redress of tortious conduct that occurs during the course of employment, an intentional tort alleged in this context necessarily occurs outside the employment relationship." Brady,61 Ohio St.3d at 635, citing Blankenship v. Cincinnati MilacronChemicals, Inc. (1982), 69 Ohio St.2d 608.
 {¶ 44} This line of cases does not specify whether an intentional tort committed by an employee or some other third party necessarily takes the injury to such a victim outside the workers' compensation system. Recently our court has held that "the fact that [a claimant's] injuries were intentionally inflicted by a third party does not prevent [the claimant] from collecting workers' compensation benefits." Thompson v.Crestmont Nursing Home, Cuyahoga App. No. 79385, 2001-Ohio-4261. We also note that the modern workplace environment is recognized to be more dangerous than in the past. Employers have increasingly limited public access to their offices or warehouses and security designed to identify and track individuals throughout the workday is commonly used. All of these evolutionary changes in the workplace environment are specifically in response to a need by employers to safeguard employees from those both inside and outside the work environment.
 {¶ 45} Neither party has raised the issue of whether this employee's conduct or the employer's conduct in hiring, supervising or retaining this employee was or was not intentional. The trial court did not decide the summary judgment issue on that legal question. In light of the absence of facts in the record on that question, I do not believe this court can effectively address it here.
 {¶ 46} I would reverse the judgment of the trial court and remand for further proceedings on the question of whether compensation is permitted for an intentional tort under R.C.4123.01(C). Whatever the court's determination on that issue, I would nevertheless find that where a mental injury arises from a physical touching that is defined under a statute as physical harm or serious physical harm, an injury has occurred that meets the definition requirement of R.C. 4123.01(C).
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.