In re HOWARD; Howard, Applicant. ▮

▮ 2004-Ohio-1096.]

Court of Claims of Ohio,
Victims of Crime Division.

No. V2003–40411.

Decided Feb. 24, 2004.

Suzan Howard, pro se.

Amy Lynne Higgins, for defendant.

J. WARREN BETTIS, Judge.

{¶ 1} This matter came on to be considered upon the Attorney General's appeal from the September 24, 2003 order issued by the panel of commissioners. The panel's determination reversed the final decision of the Attorney General, which denied applicant's claim for an award of reparations based upon the finding that the coroner's toxicology report demonstrates that the decedent engaged in substantial contributory misconduct because he tested positive for cocaine.

{¶ 2} R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. When the Attorney General makes an allegation of contributory misconduct and proves by a preponderance of the evidence that the victim was involved in felony drug activity at the time of the criminally injurious conduct, R.C. 2743.60(F) places the burden of proof regarding the alleged contributory misconduct on the claimant. The panel found, upon review of the evidence, that applicant presented sufficient evidence to meet her burden.

{¶ 3} The standard for reviewing claims that are appealed to the court is established by R.C. 2743.61(C), which provides: "If upon hearing and consideration of the record and evidence, the judge decides that the decision of the panel of commissioners is unreasonable or unlawful, the judge shall reverse and vacate the decision or modify it and enter judgment on the claim. The decision of the judge of the court of claims is final."

{¶ 4} In this case, the decedent died as a result of a gunshot wound. The coroner's toxicology report noted that cocaine and cocaine metabolites were detected in the decedent's urine. The Attorney General asserts that R.C. 2743.60(F) creates a mandatory presumption of contributory misconduct, since the decedent engaged in felonious drug use at the time of the criminally injurious conduct. The Attorney General's final decision relied on *In re Dawson* (1993), 63 Ohio Misc.2d 79, 619 N.E.2d 1225, for the proposition that the toxicology report established that the decedent engaged in felonious drug use.

{¶ 5} R.C. 2743.51(M) states:

{¶ 6} "(M) 'Contributory misconduct' means any conduct of the claimant or of the victim through whom the claimant claims an award of reparations that is unlawful or intentionally tortious and that, without regard to the conduct's proximity in time or space to the criminally injurious conduct, has a causal relationship to the criminally injurious conduct that is the basis of the claim."

{¶ 7} R.C. 2743.60(F) provides:

{¶ 8} "In determining whether to make an award of reparations pursuant to this section, the attorney general or panel of commissioners shall consider whether there was contributory misconduct by the victim or the claimant. The attorney general, a panel of commissioners, or a judge of the court of claims shall reduce an award of reparations or deny a claim for an award of reparations to the extent it is determined to be reasonable because of the contributory misconduct of the claimant or the victim.

{¶ 9} "* * *

{¶ 10} "For purposes of this section, if it is proven by a preponderance of the evidence that the victim engaged in conduct at the time of the criminally injurious conduct that was a felony violation of section 2925.11 of the Revised Code [possession or use of a controlled substance], the conduct shall be presumed to have contributed to the criminally injurious conduct and *shall result in a complete denial of the claim.*" (Emphasis added.)

{¶ 11} The panel of three commissioners determined that there is a "discrepancy" between R.C. 2743.51(M) and the last paragraph of R.C. 2743.60(F). According to the panel, the presumption that a victim's felony drug use contributed to the criminally injurious conduct would negate the Attorney General's burden

pursuant to R.C. 2743.51(M) to prove that the victim's drug use had a causal relationship to the criminally injurious conduct. In this case, the panel of commissioners found that the decedent did not engage in contributory misconduct, because the Attorney General failed to prove that there was a causal connection between the criminally injurious conduct and the decedent's drug use. Specifically, the panel found that the record did not establish "how the victim's allegedly having ingested cocaine caused the criminally injurious conduct."

{¶ 12} The panel also found that it would be "illogical" to deny applicant's claim based upon the decedent's felonious drug use in light of Am. S.B. No. 153, which modified R.C. 2743.60(E) to allow nonviolent drug users to participate in the fund. The panel determined that the amendment to R.C. 2743.60(E) "indicates a shift in legislative intent to permit formerly ineligible applicants access to the fund."

{¶ 13} Where the meaning of the statute is clear and definite, the court has a duty to enforce the statute as written. *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 40, 741 N.E.2d 121. A statute is ambiguous when its language is subject to more than one reasonable interpretation. *State v. Jordan* (2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601. The court finds that the plain language of R.C. 2743.60(F) is clear and unambiguous and that there is no conflict between that language and the language of R.C. 2743.51(M). Therefore, there is no need for the court to look beyond the plain language of R.C. 2743.60(F) to discern the intent of the legislature.

{¶ 14} The Attorney General asserts that the holding in *Dawson*, supra, is applicable to the facts in this case and that the decedent's toxicology report established by a preponderance of the evidence that he engaged in felonious drug use. The panel concluded that the Attorney General's reliance on *Dawson* was misplaced because that case involved a claim that was denied pursuant to former R.C. 2743.60(E) rather than R.C. 2743.60(F). For that reason, the panel determined that *Dawson* should not apply to cases where R.C. 2743.60(F) is controlling.

{¶ 15} In *Dawson*, the court held that "the positive evaluation on the toxicology report for the presence of cocaine proves by a preponderance of the evidence that the applicant has committed a felonious act." *Dawson*, 63 Ohio Misc.2d at 81, 619 N.E.2d 1225. The court notes that both former R.C. 2743.60(E) and R.C. 2743.60(F) provide that a claim may be denied based upon evidence that the victim had engaged in felonious drug use. The evidence in both *Dawson* and this case involved toxicology reports that showed a positive result for cocaine in the victim's system. Although the denial of the claim in *Dawson* involved former R.C. 2743.60(E), the court finds that its holding regarding the sufficiency of the evidence contained in a toxicology report is equally applicable to cases involving

an allegation that the victim engaged in felonious drug use pursuant to R.C. 2743.60(F).

{¶ 16} The panel's decision reports that Mrs. Howard testified that her husband was taking various medications prior to his death; however, the panel did not make a finding that the toxicology report was inaccurate. Pursuant to *Dawson,* the positive result on the toxicology report is sufficient evidence to prove by a preponderance of the evidence that the decedent engaged in felonious drug use. Accordingly, it is presumed that the decedent's drug use contributed to the criminally injurious conduct and, pursuant to R.C. 2743.60(F), that conduct must result in a denial of this claim.

{¶ 17} Based upon the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable. Therefore, this court reverses the decision of the three-commissioner panel and hereby denies applicant's claim. Upon review of the evidence, the court finds that the order of the panel of commissioners must be reversed.

{¶ 18} IT IS HEREBY ORDERED THAT:

{¶ 19} 1. The order of September 24, 2003 (Jr. Vol. 2251, Pages 73–74), is reversed;

{¶ 20} 2. This claim is DENIED and judgment entered for the state of Ohio;

{¶ 21} 3. Costs assumed by the reparations fund.

Order reversed.

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.