{¶ 12} I respectfully dissent from the majority. I would vacate the trial court's judgment and enter judgment in favor of Anderson.
 {¶ 13} An injury sustained by an employee is compensable if it occurred "in the course of" and "arising out of" the injured employee's employment. The Ohio Supreme Court has explained that "the test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether a `causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment."[1]
 {¶ 14} Therefore, the fact that Anderson selected a work boot that had a defect is of no consequence because the workers' compensation statute is a no-fault statute. Thus, the concepts of blame, fault, and negligence are irrelevant. The only requirement for coverage is that there is a causal connection between the injury and the employment.[2]
 {¶ 15} The "arising out of" element contemplates a causal connection between the injury and the employment. "In the course of" element is associated with the time, place and circumstance of the injury."[3]
 {¶ 16} In the instant case, both elements are met. Anderson's injury "arose out of" his employment because he was required to wear work boots, and he wore them exclusively in connection with his employment. Wearing approved work boots was a non-negotiable condition of Anderson's employment with Sherwood. It is also undisputed that the blister was caused by the seam rubbing against Anderson's toe while performing his work duties, which consisted primarily of walking and standing. Therefore, there is no question that the injury "arose out of" Anderson's employment.
 {¶ 17} Anderson's injury also occurred at the place of his employment; therefore, the injury occurred "in the course of" his employment.
 {¶ 18} In using its "white shirt" hypothetical, the majority seems to assert that an injury is only compensable under workers' compensation if the injury occurred as a result of some hazard or risk pertaining specifically to the employment and not a risk exposed to the general public.[4] This is an incorrect application of the law. The "special hazard" rule is an exception to the general rule that an employee with a fixed place of employment, injured while traveling to or from his place of employment, may not participate in the Workers' Compensation Fund.[5] The special hazard rule does not apply to injuries that occur on the employer's premises, while the employee is performing tasks for which he was employed.
 {¶ 19} In addition, walking and standing were a primary function of Anderson's job. Therefore, his footwear was critical to aiding him in performing his job safely. A waiter is required to wear a uniform for appearances only and not to aid in performing his actual duties.
 {¶ 20} Thus, keeping in mind that the workers' compensation statute should be construed liberally in favor of the employee,[6] I conclude a "causal connection" existed between Anderson's injury and his employment. Therefore, I would vacate the trial court's judgment and enter judgment in favor of Anderson.
[1] Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 276.
[2] Id.
[3] Id.
[4] Grimes v. Mayfield (1989), 56 Ohio App.3d 4, 7.
[5] MTD Products, Inc. v. Robatin (1991), 61 Ohio St.3d 66.
[6] Bailey v. Republic Engineered Steels, Inc.,91 Ohio St.3d 38, 40, 2001-Ohio-236.