OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments to this Court. Appellant, Gregory Brophey, appeals the decision of the Mahoning County Court of Common Pleas granting judgment in favor of Appellees, the Bureau of Workers' Compensation and Paine Webber, Inc.
 {¶ 2} With this appeal Brophey challenges the trial court's decision to instruct the jury that he would not be able to participate in the Workers' Compensation system for an aggravation of a pre-existing disease. Brophey's claim fails in two respects. First, Brophey has failed to file a complete transcript of the trial and therefore, it is impossible for this court to determine whether that instruction was supported by the evidence. And second, as evidenced by its responses to interrogatories, the jury found that Brophey failed to prove the existence of an occupational disease, a prerequisite to participating in the system. Thus, it would be harmless error at best, for the trial court to instruct the jury on the aggravation of a disease as Brophey's claim failed on other bases which were not challenged on appeal. Because Brophey cannot establish that he was prejudiced by the trial court giving the contested instruction, we affirm the decision of the trial court.
 {¶ 3} Brophey has been employed as a carpenter for several years. On August 3, 1998, Brophey made a career change and was hired by Paine Webber, Inc. as a stockbroker in training. On Septemer 16, 1998, Brophey decided he could no longer work at the Paine Webber office claiming that he had become "mentally confused", "chronically fatigued", and developed "flu-like" symptoms, "severe headaches", and "gastrointestinal pain."
 {¶ 4} Brophey denied having these problems prior to employment. However, just three years before, Brophey had been diagnosed with chemical sensitivities and had a history of sensitivity to petrochemicals. Further, Brophey had been suffering from similar symptoms for several years. In fact, on June 25, 1998, Brophey was so sick he could hardly get out of bed and revealed to his doctor that these same or similar symptoms had been worsening for more than two years before he started at Paine Webber. *Page 2 
 {¶ 5} The underlying action originated when Brophey filed a workers' compensation claim alleging a chemical sensitivity secondary to exposure to formaldehyde contracted during this employment with Paine Webber, Inc. The Industrial Commission denied the claim because Brophey failed to establish the elements of an occupational disease. Additionally, the claim was denied based upon medical evidence indicating that Brophey was suffering from the aggravation of a preexisting condition.
 {¶ 6} The claim was then tried to a jury which concluded through interrogatories that: 1) it was not proven beyond a preponderance of the evidence that the conditions at Paine Webber, Inc. resulted in a hazard different in character from employment generally; 2) it was not proven by a preponderance of the evidence that employment at Paine Webber, Inc. created a risk for Brophey to contract chemical sensitivity secondary to formaldehyde exposure in a greater degree and in a different manner than the public generally; 3) it was not proven by a preponderance of the evidence that Brophey contracted chemical sensitivity secondary to formaldehyde exposure as a proximate result of exposure to his work environment; and, 4) it was proven by a preponderance evidence that Brophey aggravated a pre-existing injury. The jury thus entered a verdict in favor of the defendants.
 {¶ 7} As his sole assignment of error, Brophey claims:
 {¶ 8} "The trial court committed prejudicial error when it instructed the jury that the Plaintiff would not be permitted to participate in the Workers Compensation Act for an aggravation of a pre-existing disease when there was no evidence presented by Defendant that the Plaintiff, who sought the right to participate in the benefits of the Workers Compensation Act for the occupational disease `chemical sensitivity to formaldehyde,' was suffering from or brought to his employment a pre-existing chemical sensitivity to formaldehyde."
 {¶ 9} Brophey argues it was inappropriate for the trial court to charge the jury on an aggravation of an existing disease when there was no evidence in the record that he suffered from sensitivity to formaldehyde sensitivity prior to coming to work for *Page 3 
Paine Webber, Inc. However, Brophey only provided us a partial transcript of the trial and has not filed a statement pursuant to App.R. 9(C) or (D). This effectively prevents us from reviewing whether Paine Webber presented the evidence which Brophey claims is missing.
 {¶ 10} It is well settled that appellant has the duty to demonstrate error on appeal and must provide a record which exemplifies that claimed error. Tyrrell v. Investment Assoc, Inc. (1984), 16 Ohio App.3d 47. "[A]n appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 11} We must indulge in this presumption even when the appellant provides us with a partial transcript if we would need to review the complete transcript to resolve the assigned error, unless the party files an App.R. 9 alternative. Columbus v. Hodge (1987),37 Ohio App.3d 68, 69; Montgomery v. Montgomery, 4th Dist. No. 02 CA 687, 2003-Ohio-4558, at ¶ 19-20; R.G. Slocum Plumbing v. Wilson, 11th Dist. No. 2002-A-0091, 2003-Ohio-1394, at ¶ 10-12; State v. Gross, 7th Dist. No. 01 CA 115, 2002-Ohio-3465, at p. 14, footnote 1.
 {¶ 12} However, Brophey has failed to file a complete transcript of the trial with this court making it impossible for us to determine what evidence the defense did or did not present to the jury. Accordingly, we must presume the regularity of the proceedings below and affirm the decision of the trial court. Assuming arguendo that the entire transcript had been filed with this court, we would still find the assignment of error to be meritless based upon the record we have before us.
 {¶ 13} In reviewing whether sufficient evidence was presented to warrant submitting an issue to a jury, this Court must determine whether the record contains evidence from which reasonable minds could reach the conclusion sought by the instruction. Murphy v. Carrollton Mfg. Co.
(1991), 61 Ohio St.3d 585, 591, *Page 4 575 N.E.2d 828. However, even if the trial court erroneously instructs the jury with respect to an issue, the error is rendered harmless if the jury's response to interrogatories shows that it was not necessary to reach a decision related to the erroneous instruction. Schmidt v.Koval, 7th Dist. No. 00CA239, 2002-Ohio-1558, at ¶ 48.
 {¶ 14} Here, the trial court instructed the jury that "[aggravation of a preexisting disease is not compensable under the workers' compensation laws. To be compensable the disease must be contracted by the employee in the course of employment."
 {¶ 15} Brophey claims this instruction was not supported by the evidence as he did not suffer from formaldehyde sensitivity prior to working for Paine Webber. Therefore, Brophey argues, the instruction was improper as there was no preexisting condition to aggravate. However, even if the trial court did err by giving this instruction, any error would be harmless at best as the jury concluded that Brophey failed to meet his burden of establishing that he suffered from an occupational disease, a prerequisite to his participation in the workers compensation fund.
 {¶ 16} Every employee who is injured or contracts an occupational disease in the course of employment is entitled to receive compensation under the provisions of R.C. 4123.54. Courts must liberally construe the workers' compensation laws in favor of employees. See R.C. 4123.95;Bailey v. Republic Engineered Steels, Inc. (2001), 91 Ohio St.3d 38, 40,741 N.E.2d 121.
 {¶ 17} R.C. 4123.01(F) defines an "occupational disease" as one that satisfies the following three elements: "(1) the disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally." See also State ex rel. Ohio Bell Tel. Co. v. Krise (1975),42 Ohio St.2d 247, 327 N.E.2d 756, syllabus.
 {¶ 18} Here, it is clear from the responses to the jury interrogatories that *Page 5 
Brophey did not meet his burden of establishing prongs two and three of the statutory requirements in R.C. 4123.01(F). Notably, Brophey did not challenge these findings on appeal. Thus, we will not sua sponte raise a manifest weight argument on behalf of a party, especially where we do not have a complete record to make such a determination.
 {¶ 19} Regardless of whether or not the jury determined that Brophey came to Paine Webber, Inc with a preexisting condition that was aggravated by his employment there or whether he contracted a chemical sensitivity to formaldehyde during his employment, he could not participate in the system if he did not establish that Paine Webber, Inc. exposed him to conditions more harmful than he would experience anywhere else.
 {¶ 20} Because the jury did not have to reach a decision regarding the aggravation of a preexisting condition to preclude Brophey from participating in the Workers' Compensation system, Brophey cannot prove he was prejudiced by the trial court giving a jury instruction on the matter rendering any error regarding the instruction harmless. Accordingly, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1