OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Joel A. Turner, appeals a jury decision in Mahoning County Court #4 awarding him $1,000.00 in personal injury damages that resulted from his vehicle being rear-ended by a vehicle driven by defendant-appellee, Amy M. Earl.
 {¶ 2} On April 27, 2007, Turner was stopped in traffic at a red light in Austintown Township, Ohio. Earl, who was behind Turner, proceeded forward before the light changed and traffic progressed, and made contact with the rear of his vehicle.
 {¶ 3} On August 23, 2007, Turner sued Earl for the personal injuries he suffered as a result of the accident. Specifically, he alleged that he "suffered a cervical sprain/strain, a thoracic sprain/strain, a chest contusion, and post traumatic headaches." He alleged that he incurred medical expenses totaling $3,601.00, but sought a total of $15,000.00 in damages. Earl answered denying the severity of the "crash" as characterized by Turner, but admitting that she made "minor contact" with Turner's vehicle. She generally denied Turner's allegations of personal injury and damages. The case proceeded to discovery and other pretrial matters. Interestingly, days prior to trial, Turner filed three separate motions in limine to exclude evidence of the estimate that an insurance company completed concerning the damage to Turner's vehicle, evidence of prior unrelated injuries, and evidence of Turner's prior criminal record.
 {¶ 4} The case was tried to a jury on March 11, 2008, and they awarded Turner $1,000.00. This appeal followed.
 {¶ 5} Turner raises four assignments of error. Turner's first and second assignments of error are interrelated and will be addressed together. They state, respectively:
 {¶ 6} "The court erred in admitting evidence of a compromise settlement offered by the defendant to which objection was made by plaintiff."
 {¶ 7} "The trial court committed reversible error when it admitted evidence on the issue of insurance settlement." *Page 3 
 {¶ 8} Turner argues that the trial court erred in allowing Earl's counsel to cross-examine him concerning an insurance settlement for the damage to his vehicle. Turner has provided a seven-page partial
transcript of the trial proceedings encompassing this event. The colloquy went as follows:
 {¶ 9} "Q. * * * Now, did you ever have that bumper fixed?
 {¶ 10} "A. No, I didn't.
 {¶ 11} "Q. You didn't?
 {¶ 12} "A. No.
 {¶ 13} "Q. Okay. Didn't you receive some money for it?
 {¶ 14} "ATTORNEY ARBIE: Objection, Judge.
 {¶ 15} "A. Yes.
 {¶ 16} "THE COURT: Let me see both of you first (1st), for just one (1) second, please.
 {¶ 17} "(WHEREUPON, a sidebar was held.)
 {¶ 18} "THE COURT: All right, I'm going to overrule the objection. I'm going to allow the question to be asked.
 {¶ 19} "A. Yes, I received a small check." (Tr. 4-5.)
 {¶ 20} It is undisputed that Evid. R. 408 prohibits evidence of compromise or offers of compromise:
 {¶ 21} "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible."
 {¶ 22} However, the rule does provide for exceptions:
 {¶ 23} "This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered *Page 4 
for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."
 {¶ 24} Nor is it disputed that Evid. R. 411 prohibits evidence of liability insurance:
 {¶ 25} "Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully."
 {¶ 26} However, that rule too provides for exceptions:
 {¶ 27} "This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership or control, if controverted, or bias or prejudice of a witness."
 {¶ 28} Earl argues that the question was asked to impeach Turner's contention that the collision was strong enough to cause his alleged injuries. In his complaint, Turner only sought damages for personal injuries and medical expenses. He did not seek damages for the physical damage to his vehicle. Nonetheless, according to Earl, Turner called an auto body expert to testify at trial that he examined Turner's vehicle and found certain specified damage to the rear bumper. Thus, Earl contends, the questioning of Turner about his receiving $200 for the property damage to his vehicle which he did not use to repair the vehicle was an effort to impeach Turner's claim that the collision was violent enough to cause the physical injuries he alleges he suffered.
 {¶ 29} The problem with resolving this and the other assignments of error is that Turner has failed to provide this court with a complete transcript of the proceedings. The seven-page partial transcript he provided does not tell the whole story. This court is not privy to Turner's direct testimony or the testimony of other witnesses that may be relevant to these issues. More specifically, this court is unable to determine if the questioning of Turner was a legitimate effort to impeach his testimony and allowable under the exceptions to the aforementioned rules. We do *Page 5 
not have before us the testimony of the auto body expert or others called by Turner during his case in chief that may shed light on whether the testimony we do have before us rises to the level of prejudicial error. In addition, Turner is alleging error by taking a few lines of questioning out of context and leaving this court without the context upon which to evaluate these assertions.
 {¶ 30} It is well settled that appellant has the duty to demonstrate error on appeal and must provide a record which exemplifies that claimed error. Tyrrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, 50,16 OBR 50, 474 N.E.2d 621. "[A]n appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218,400 N.E.2d 384. "We must indulge in this presumption even when the appellant provides us with a partial transcript if we would need to review the complete transcript to resolve the assigned error, unless the party files an App. R. 9 alternative." Brophey v. Admr, Ohio Bur. of Workers'Comp., 7th Dist. No. 07 MA 24, 2008-Ohio-646, at ¶ 11.
 {¶ 31} The admission or exclusion of evidence by the trial court will not be reversed unless there has been a clear and prejudicial abuse of discretion. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 17 O.O.3d 98,407 N.E.2d 490. Evid. R. 103(A), which governs the effect of an erroneous ruling, states, "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *." We cannot determine by reading the small portion of the transcript provided to us whether or not the cross-examination of Turner affected a substantial right of his to his prejudice. In other words, it is impossible for us to determine whether a causal connection existed between the admission of testimony concerning the insurance settlement for the property damage to Turner's vehicle and the jury returning a verdict of only $1000.00 for Turner's physical injuries absent a *Page 6 
complete transcript of the proceedings. In sum, we can not make a determination of prejudicial error absent a complete transcript.
 {¶ 32} Accordingly, since this court is left only to presume the regularity of the proceedings below, Turner's first and second assignments of error are without merit.
 {¶ 33} Turner's third and fourth assignments of error state:
 {¶ 34} "The judgment is not sustained by the evidence and is against the manifest weight of the evidence."
 {¶ 35} "The trial court committed reversible error when it kept the jury under poor working conditions, depriving them of appropriate breaks for meals."
 {¶ 36} For the same reasons explained under Turner's first and second assignments of error, Turner's third and fourth assignments of error are without merit.
 {¶ 37} The judgment of the trial court is hereby affirmed.
Waite, J. concurs.
 DeGenaro, J. concurs. *Page 1