THE STATE OF OHIO, APPELLANT, *v*. CHAPPELL, APPELLEE.

[Cite as *State v. Chappell,* 127 Ohio St.3d 376, 2010-Ohio-5991.]

*Criminal law — Possession of criminal tools — R.C. 2923.24(A) — Meaning of phrase "with purpose to use [substance, device, instrument, or article] criminally" — Purpose to use item criminally can arise from intended violation of federal as well as Ohio law.*

(No. 2009-2131 — Submitted September 28, 2010 — Decided December 15, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 92455, 2009-Ohio-5371.

_____

SYLLABUS OF THE COURT

In accordance with the plain and ordinary meaning of the term "criminally," as the term is used in R.C. 2923.24(A), the purpose to use an item criminally can arise from an intended violation of federal law.

_____

O'CONNOR, J.

{¶ 1} This appeal involves the construction of the term "criminally" in R.C. 2923.24(A), which proscribes the possession of criminal tools, i.e., the possession of "any substance, device, instrument, or article, with purpose to use it criminally." Appellant, the state of Ohio, asserts that the plain meaning of the word "criminally" embraces all criminal purposes, including the purpose to violate federal as well as state or municipal law. [1]

_____

1. With regard to the state's assertion that the intent to use an item criminally under R.C. 2923.24 can arise from an intended violation of municipal law, the state did not raise this argument in the courts below. Moreover, this case involves an alleged intended violation of federal law only, not municipal law, and the Eighth District's holding addressed only violations of federal law. Thus,

**{¶ 2}** Conversely, appellee, Welton Chappell, contends that the state cannot use intended violations of federal criminal statutes or municipal ordinances to prove that the defendant intended to use the item "criminally." Chappell maintains that the purpose to use must be limited to offenses defined in the Ohio Revised Code and that the state lacks jurisdiction to prosecute a defendant under a federal statute.

**{¶ 3}** We hold that, in accordance with the plain and ordinary meaning of the term "criminally," as the term is used in R.C. 2923.24, the purpose to use an item criminally can arise from an intended violation of federal law. We therefore reverse the judgment of the court of appeals and remand this matter to the trial court for further proceedings consistent with this court's opinion.

### Relevant Background

**{¶ 4}** Chappell was indicted on two counts of criminal simulation in violation of R.C. 2913.32, one count of receiving stolen property in violation of R.C. 2913.51, and one count of possessing criminal tools in violation of R.C. 2923.24. The charges arose after police found in excess of 1,000 bootleg DVDs and CDs, other "sleeves," computers, a laptop computer, and other items in Chappell's vehicle while executing a search warrant.

**{¶ 5}** The matter proceeded to trial, and after granting Chappell's motion for acquittal on the receiving-stolen-property count, the trial court declared a mistrial on the remaining counts after the jury was unable to reach a verdict.

---

there is no actual controversy related to an intended violation of municipal law. Our duty is limited to determining whether the intent to use an item criminally under R.C. 2923.24 can arise from an intended violation of federal law. This conclusion is consistent with our duty not to issue advisory opinions as well as " 'the cardinal principle of judicial restraint--if it is not necessary to decide more**,** it is necessary not to decide more.' " *State ex rel. LetOhioVote.org v. Brunner*, 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶ 51, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Adm.* (C.A.D.C.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in judgment). We therefore decline to address this portion of the state's proposition.

Chappell subsequently moved to dismiss the indictment, and the trial court dismissed all of the charges with the exception of possessing criminal tools.

{¶ 6} Chappell also moved for a supplemental bill of particulars, requesting that the state identify the specific statute that Chappell intended to violate with the criminal tools. The state supplemented its bill of particulars and advised that it intended to introduce evidence that the underlying felony was Chappell's purpose to violate federal copyright law under Section 506, Title 17, U.S.Code. Chappell moved to dismiss the criminal-tools count on the grounds that (1) the indictment did not charge him with violating the federal statute, (2) only a defendant's purpose to violate an offense defined in the Ohio Revised Code can support a charge of possessing criminal tools, and (3) federal copyright laws expressly preempt any state statutes on the same subject.

{¶ 7} The trial court conducted a hearing on the motion and rejected Chappell's arguments pertaining to the specificity of the indictment and preemption. The trial court, however, found Chappell's remaining argument to be persuasive and held that the purpose to use an item criminally must come from an intended violation of state law, not federal law. The trial court then granted Chappell's motion to dismiss the charge of possessing criminal tools.

{¶ 8} The state appealed, and the Eighth District Court of Appeals affirmed. *State v. Chappell*, 8th Dist. No. 92455, 2009-Ohio-5371. Relying on R.C. 2901.03(A) and 2901.04(A), the appellate court found that "prosecution under Ohio law must emanate from violations of offenses defined in the Revised Code." Id. at ¶ 9. Because violating federal copyright law is not defined as an offense in the Revised Code, the court of appeals held that the purpose to violate federal copyright law cannot be prosecuted by the state.

{¶ 9} The case is now before us on our acceptance of a discretionary appeal to determine whether the state may use violations of federal criminal law to prove that a person possesses items to use the items criminally in violation of

R.C. 2923.24. *State v. Chappell*, 124 Ohio St.3d 1473, 2010-Ohio-354, 921 N.E.2d 245.

**Analysis**

**{¶ 10}** R.C. 2923.24 defines the offense of possessing criminal tools and provides:

**{¶ 11}** "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.

**{¶ 12}** "* * *

**{¶ 13}** "(C) Whoever violates this section is guilty of possessing criminal tools. Except as otherwise provided in this division, possessing criminal tools is a misdemeanor of the first degree. If the circumstances indicate that the substance, device, instrument, or article involved in the offense was intended for use in the commission of a felony, possessing criminal tools is a felony of the fifth degree."

**{¶ 14}** The inquiry herein turns on the construction of the term "criminally" in the phrase "with purpose to use it criminally," as set forth in R.C. 2923.24(A).

**{¶ 15}** The state advances an expansive definition, contending that the plain and ordinary meaning of "criminally" includes any social harm that the law makes punishable, which encompasses intended violations of federal as well as state law. Conversely, Chappell urges this court to adopt a more restrictive construction, limiting the term to violations of offenses defined in the Ohio Revised Code.

**{¶ 16}** The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11. In interpreting a statute, this court has held that "the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to

other means of interpretation." *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus. Where the meaning of the statute is clear and definite, it must be applied as written. *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 40, 741 N.E.2d 121. However, where the words are ambiguous and are subject to varying interpretations, further interpretation is necessary. Id.

{¶ 17} The term "criminally" is not defined in the statute. Therefore, it must be given its plain and ordinary meaning. *State v. Anthony*, 96 Ohio St.3d 173, 2002-Ohio-4008, 772 N.E.2d 1167, ¶ 11, quoting *Sharp v. Union Carbide Corp.* (1988), 38 Ohio St.3d 69, 70, 525 N.E.2d 1386; R.C. 1.42.

{¶ 18} The term "criminally" has varying definitions, including (1) according to criminal law, (2) in a criminal manner, i.e., in violation of law, and (3) reprehensively, disgracefully, or shamefully. Webster's Third New International Dictionary (1986) 537. The most relevant of the three definitions in today's case are "according to criminal law" and "in a criminal manner, i.e., in violation of law." When either definition of "criminally" is used in the context of possessing criminal tools under R.C. 2923.24(A), the statutory language is susceptible of only one interpretation: the ordinary meaning of "criminally" is not limited to violations of Ohio law and plainly encompasses violations of *any* law, including offenses defined under Ohio law and federal law. If the legislature had intended the narrow view advocated by Chappell, it could have so provided in R.C. 2923.24 by expressly stating that the tools must be possessed with the purpose to use them "in violation of Ohio law" or "criminally in violation of Ohio law" or "in violation of a criminal offense against the state." But the General Assembly did not do so. Because the language set forth by the General Assembly is clear and definite, we must apply it as written and hold that "criminally," as it is used in R.C. 2923.24, encompasses violations of all law, including federal law.

**{¶ 19}** This result is not inconsistent with R.C. 2901.03(A) and 2901.04(A) and (D), as Chappell contends and the court of appeals found. R.C. 2901.03 provides:

**{¶ 20}** "(A) No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code.

**{¶ 21}** "(B) An offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty."

**{¶ 22}** The offense for which Chappell is being prosecuted is possessing criminal tools, which R.C. 2923.24 "define[s] as an offense" within the meaning of R.C. 2901.03(A). R.C. 2923.24(B) also states "a positive prohibition" within the meaning of R.C. 2901.03(B). Finally, R.C. 2923.24(C) provides a penalty for violating the prohibition by classifying the offense as either a misdemeanor of the first degree or a felony of the fifth degree, depending on the facts. The state is not prosecuting Chappell for violating federal copyright law, nor is the state seeking to have a penalty imposed against Chappell for violating federal copyright law. And the state is not required to prove that Chappell violated federal copyright law in order to obtain a conviction against him for possessing criminal tools. Rather, the state need only show that his purpose was to violate the law. Thus, the conduct for which Chappell is being prosecuted is a criminal offense under the Ohio Revised Code in accordance with R.C. 2901.03.

**{¶ 23}** Any reliance on R.C. 2901.04(A) is also misplaced. R.C. 2901.04(A) states that *"[e]xcept as otherwise provided in division (C) or (D) of this section*, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." (Emphasis added.) Division (D) states, "Any provision of the Revised Code that refers to a section, or to a division of a section, of the Revised Code that defines or specifies a criminal offense shall be construed to also refer to an

existing or former law of this state, another state, or the United States, to an existing or former municipal ordinance, or to an existing or former division of any such existing or former law or ordinance that defines or specifies, or that defined or specified, a substantially equivalent offense."

{¶ 24} Chappell's emphasis on the directive in division (A) that sections of the Revised Code defining offenses shall be strictly construed against the state discounts the entirety of the legislature's directives in R.C. 2901.04(A) and (D). R.C. 2901.04(A) is plainly modified by division (D), which was enacted as an exception to (A) and to provide a rule for interpreting statutory references that define or specify a criminal offense. See Am.Sub.S.B. No. 146, 150 Ohio Laws, Part V, 7787-7788 (modifying division (A) of R.C. 2901.04 by adding the phrase "or (D)" to the phrase "Except as otherwise provided in division (C) of this section" and enacting new division (D)). R.C. 2901.03 is a provision of the Revised Code that refers to sections of the Revised Code that define or specify criminal offenses. Pursuant to R.C. 2901.04(D), a provision such as R.C. 2901.03 that defines a criminal offense shall be construed as referring to existing or former laws of this state, another state, the United States, or municipalities.

{¶ 25} R.C. 2901.03 and 2901.04 are related and thus must be read in pari materia. *Maxfield v. Brooks* (1924), 110 Ohio St. 566, 144 N.E. 725, paragraph two of the syllabus. In reading statutes in pari materia, this court must give a reasonable construction that provides the proper effect to each statute. Id. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously unless they are irreconcilable. *Couts v. Rose* (1950), 152 Ohio St. 458, 461, 40 O.O. 482, 90 N.E.2d 139. The only harmonious construction of the statutes is the one advanced by the state, i.e., that R.C. 2901.04(D) expands the definition of criminal offenses in certain circumstances. Therefore, neither R.C. 2901.03 nor 2901.04 contradicts our determination that the term "criminally" in R.C. 2923.24 is not limited to violations of offenses

defined in the Ohio Revised Code. Rather, these statutes lend further credence to our holding.

**{¶ 26}** Chappell also argues that he was never indicted by the grand jury for intending to violate federal copyright law and that the state lacks jurisdiction to prosecute him under federal copyright laws that preempt any state-law action. The trial court rejected both of these arguments, and Chappell did not appeal those aspects of the trial court's decision. Nor were these issues addressed by the court of appeals, and Chappell did not seek this court's discretionary jurisdiction over these issues. Accordingly, Chappell's arguments are not properly before this court, and we will not consider them. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 34.

### Conclusion

**{¶ 27}** For the foregoing reasons, we hold that, in accordance with the plain and ordinary meaning of the term "criminally," as the term is used in R.C. 2923.24(A), the purpose to use an item criminally can arise from an intended violation of federal law.

**{¶ 28}** Accordingly, we reverse the judgment of the court of appeals and remand this matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., and PFEIFER, J., dissent.

————————————

**BROWN, C.J., dissenting.**

**{¶ 29}** The majority concludes that the language of R.C. 2923.24(A) is unambiguous and that the ordinary meaning of "criminally" is "in a criminal manner, i.e., in violation of law." Based upon that broad definition of

8

"criminally," the majority holds that a charge of possessing criminal tools may be based on the use of criminal tools with the intent to violate federal law. The term "criminally" as used in R.C. 2923.24 is not defined explicitly in the Ohio Revised Code. I concede that the term could be defined as the majority suggests if the definition could be properly applied without reference to other relevant statutory provisions. But terms used in statutes cannot be defined in a vacuum, divorced from their relevant statutory context.

**{¶ 30}** R.C. 2901.03(A) abrogated all common-law offenses and established that only statutorily defined conduct may be found to be criminal in Ohio. R.C. 2901.03(A) provides, "No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code." The majority's definition does not take into account that the General Assembly has expressed its intent as to what constitutes a crime under Ohio law. Rather than defining the adverb "criminally" to correspond with the General Assembly's definition of "criminal offense," the majority unnecessarily expands the definition of "criminally" to include violations of any law.[2]

**{¶ 31}** R.C. 2923.24(C) provides further support for the conclusion that the General Assembly intended "criminally" to be defined in accordance with R.C. 2901.03. R.C. 2923.24(C) provides, "Whoever violates this section is guilty of possessing criminal tools. Except as otherwise provided in this division, possessing criminal tools is a misdemeanor of the first degree. If the circumstances indicate that the substance, device, instrument, or article involved

---

2. Although the majority contends that its analysis addresses only the issue whether a criminal-tools charge can arise from an intended violation of federal law, nothing in its analysis supports such a limitation. See majority opinion at ¶ 1, fn. 1. In fact, the majority holds, "[T]he statutory language [of R.C. 2923.24(A)] is susceptible of only one interpretation: the ordinary meaning of 'criminally' is not limited to violations of Ohio law and plainly encompasses violation of *any* law, including offenses defined under Ohio law and federal law." (Emphasis sic.) Majority opinion at ¶ 18. Therefore, the majority's analysis and definition of "criminally" are so broad as to include intended violations of municipal ordinances, the laws of other states, and the laws of foreign jurisdictions.

in the offense was intended for use in the commission of *a felony*, possessing criminal tools is a felony of the fifth degree." (Emphasis added.)

{¶ 32} For the purposes of the Revised Code, R.C. 2901.02 classifies offenses into categories and limits the category of "felony" to the following: (1) aggravated murder and murder as defined in the Revised Code, (2) any offense specifically classified as a felony in the Revised Code, and (3) any offense in the Revised Code not specifically classified as a felony if imprisonment for more than one year may be imposed as a penalty. R.C. 2901.02(C), (D), and (E). R.C. 2923.24(C) clearly frames the offense of possessing criminal tools in the context of criminal offenses as classified in the Revised Code.

{¶ 33} Indeed, if R.C. 2923.24(A) is read so broadly as to include the violation of *any* law, as held by the majority, application of R.C. 2923.24(C) produces strange results. R.C. 2923.24(C) and the definition of "felony" in R.C. 2901.02 mandate that only those criminal-tools convictions that are based upon the intent to use tools in the commission of a felony defined in the Revised Code may be classified as a felony of the fifth degree. All other criminal-tools offenses, presumably including those based upon the intent to use a criminal tool to violate the laws of any other jurisdiction, must then be classified as a misdemeanor of the first degree. If the General Assembly had intended for a criminal-tools charge to be based on the intent to violate the criminal laws of any jurisdiction, as the majority holds, why would the offense be treated differently based solely upon whether the underlying offense is an Ohio offense or an offense under the law of some other jurisdiction?

{¶ 34} Finally, general rules of statutory construction of criminal statutes weigh in favor of a narrower definition of "criminally." R.C. 2901.04(A) requires that sections of the Revised Code that define offenses be construed strictly against the state and liberally in favor of the accused. In light of the other statutory provisions that support a definition of the term "criminally" as the commission of

10

a criminal offense defined in the Revised Code, application of R.C. 2901.04(A) requires that this court adopt the narrower definition of "criminally" propounded by the trial court and the court of appeals. *State v. Chappell*, 8th Dist. No. 93298, 2010-Ohio-2465.

{¶ 35} The majority's reliance upon R.C. 2901.04(D) to justify its disregard for R.C. 2901.04(A) and its conclusion that a violation of any law may support a conviction of possessing criminal tools is unavailing. The majority is correct that R.C. 2901.04(D) sets forth an exception to the directive contained in R.C. 2901.04(A). But that exception is irrelevant to the issues before the court in this case. The plain language of R.C. 2901.04(D) demonstrates that the exception applies only when a provision of the Revised Code refers specifically to "*a section*, or to *a division of a section*, of the Revised Code" that defines or specifies a criminal offense. (Emphasis added.) R.C. 2923.24 contains no specific reference to a section or division of a section of the Revised Code, and R.C. 2901.04(D) cannot be used in this case to negate the requirement that the definitions of criminal offenses be construed strictly against the state and liberally in favor of the accused.

{¶ 36} The majority's convoluted interpretation of R.C. 2901.04(D) also disregards the plain language of R.C. 2901.03(A). Despite the fact that R.C. 2901.03(A) unambiguously provides that "[n]o conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code," the majority attempts to use R.C. 2901.04(D) to expand the definition of a crime to include violations of existing or former laws of this state, other states, the United States, and municipalities. Such an interpretation renders the actual language of R.C. 2901.03(A) meaningless and thwarts the clearly expressed intent of the General Assembly.

{¶ 37} Perhaps more troubling than the majority's disregard for the plain language of the relevant statutory provisions is the majority's encroachment on

the jurisdiction of the federal courts. It is undisputed that Ohio courts lack jurisdiction over federal criminal prosecutions and the enforcement of federal criminal laws. Yet the majority's holding poises Ohio courts to encroach upon the federal arena in cases involving Ohio defendants charged with possessing criminal tools.

{¶ 38} The facts of the case before us present just one example of how a state court prosecution for possessing criminal tools based upon an intended violation of federal law may include improper forays into issues of federal law. In order to prove that Chappell committed the offense of possessing criminal tools, the state must prove that his purpose in using the tools at issue was to violate federal copyright law. In few cases will the state be presented with a neat confession from such a defendant that it was his purpose to violate federal copyright law or that it was his purpose to violate Section 506, Title 17, U.S.Code. Instead, the state will be presented with direct or circumstantial evidence that a defendant, for example, intended to copy and sell a DVD or other copyrighted work, as in this case. It will then fall to the state to demonstrate to the trier of fact that those specific actions of the defendant constitute a crime under Section 506, Title 17, U.S.Code. In doing so, the state will be put in the position of presenting a federal criminal case to a state jury or judge, and when a jury is involved, the state court will be instructing the jury on federal criminal law, all in the pursuit of trying an Ohio defendant for an Ohio offense. In resolving inevitable disputes regarding whether the underlying actions of the defendant constitute a federal crime, state courts will be called upon to interpret and apply federal criminal law.

{¶ 39} This court and other Ohio courts have no authority or expertise in federal criminal law. Therefore, this court ought to avoid an interpretation of R.C. 2923.24 that entangles Ohio courts in matters intended for federal courts,

particularly when the statutory language can clearly be interpreted to avoid such a result.

{¶ 40} Based upon the language of R.C. 2901.03(A), 2923.24(C), and 2901.02, I cannot conclude that the General Assembly intended the term "criminally" to be afforded the expansive dictionary definition adopted by the majority. "Criminally" must be defined in conjunction with other provisions of the Revised Code and limited strictly to conduct that constitutes a criminal offense against the state as defined in the Revised Code. Any other definition leads to absurd results that improperly expand the jurisdiction of Ohio's courts. Accordingly, I dissent.

PFEIFER, J., concurs in the foregoing opinion.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Thorin Freeman, Assistant Prosecuting Attorney, for appellant.

Joseph T. McGinness, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Emily S. Schlesinger, Deputy Solicitor, urging reversal for amicus curiae, Ohio Attorney General.

_____