[Cite as *State v. Corcoran*, 2023-Ohio-1218.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No.  111717 |
| v. | : | |
| JAMES CORCORAN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  April 13, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-659836-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Fallon Radigan, Assistant Prosecuting
Attorney, *for appellee.*

Milano Attorneys & Counselors at Law, Kate Pruchnicki,
and Jay Milano, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant James Corcoran ("Corcoran") appeals his convictions for attempted unlawful sexual conduct with a minor, importuning, and possessing criminal tools.  For the reasons that follow, we affirm.

## Factual and Procedural History

{¶ 2} On May 21, 2021, law enforcement agents from the Ohio Internet Crimes Against Children Task Force ("ICAC") conducted an undercover operation targeting individuals interested in sexual activity with minors. Corcoran and an ICAC agent, who was posing as a young male, exchanged messages on Manhunt, a social networking app geared toward males engaging in same-sex relationships. Manhunt is specifically geared towards sexual encounters and is described as a "hook-up" site. Consequently, profiles typically include a description of the user's sexual preferences. Manhunt prohibits underage users and requires users to affirm they are at least 18 years of age before they can create a profile.

{¶ 3} Corcoran created a profile under the name "James Seamus" that indicated he was 64 years old. Corcoran was actually 80 years old at the time. He did not include a picture in his profile. Corcoran's profile included a general description of himself as well as specific descriptions of his sexual preferences and what he preferred in a partner.

{¶ 4} The ICAC agent created a profile, under the name of "Logan," indicating he was 18 years old, which he was not. Attached to the profile was an age-regressed photo. The ICAC agent retained a copy of his profile picture but did not screenshot or preserve his Manhunt profile. He testified that this was an oversight on his part. Also, he could not remember what descriptions he included in his profile.

{¶ 5} Manhunt includes a chat feature that allows users to communicate. Chats on Manhunt include the user's profile picture or avatar, with the age of the user displayed on the image.

{¶ 6} Corcoran initiated a chat with "Logan" on May 21, 2021. In the chat, Corcoran was clear that he was looking to meet someone to have a sexual encounter. Corcoran, described himself as a "dad looking." He asked "Logan" if he was available and asked what he was into. As "Logan," the undercover officer responded that he was available, home alone, and was new to everything. Corcoran then described what he would like to do with "Logan." There appeared to be a delay in response from "Logan." Logan then indicated he was doing homework after which the following exchange took place:

Corcoran:    hey Logan... get the homework done bud... any action?

Corcoran:    will 7 pm work for you?

Corcoran:    no jo before... when did you last blow a load?

Logan:        a bit yea. That 15 yo lyfe lol

Logan:        few days lol

{¶ 7} This exchange was the only allusion in the chat that "Logan" might be younger than his profile indicated.

{¶ 8} Ultimately, Corcoran drove to a predetermined location to meet "Logan" and was immediately arrested.

{¶ 9} On May 22, 2021, Corcoran was charged with the following offenses:

One count of attempted unlawful sexual conduct with a minor, a felony of the fourth degree in violation of R.C. 2923.02 and 2907.04(A).

Importuning, a felony of the fifth degree in violation of R.C. 2907.07(D)(2) (renumbered to R.C. 2907.07(E)(2) effective April 4, 2023).

Possession of criminal tools, a felony of the fifth degree in violation of R.C. 2923.24(A).

{¶ 10} On April 25, 2022, Corcoran's case was tried before a jury, which found him guilty on all counts. On June 27, 2022, the trial court sentenced him to six months in prison on each count to run concurrently with each other. Corcoran was also designated a tier II sex offender.

{¶ 11} Corcoran now appeals and presents the following assigned errors for our review:

### Assignment of Error No. 1

Appellant's conviction for attempted unlawful sexual conduct with a minor is against the manifest weight of the evidence, not supported by sufficient evidence, and the trial court erred in denying appellant['s] Crim.R. 29 motion for acquittal.

### Assignment of Error No. 2

Appellant's conviction for importuning  is against the manifest weight of the evidence, not supported by sufficient evidence, and the trial court erred in denying appellant['s] Crim.R. 29 motion for acquittal.

### Assignment of Error No. 3

Appellant's conviction for possession of criminal tools is against the manifest weight of the evidence, not supported by sufficient evidence, and the trial court erred in denying appellant['s] Crim.R. 29 motion for acquittal.

### Assignment of Error No. 4

Appellant was denied the effective assistance of trial counsel due to counsel's failure to seek the trial court's pretrial dismissal of the

indictment based upon law enforcement's failure to comply with the relevant Department of Justice guidelines pertaining to Internet Crimes Against Children investigations, such act(s) constituting "outrageous governmental conduct."

## Law and Analysis

{¶ 12} For ease of analysis, we will combine some assignments of error. We will address Corcoran's first, second, and third assignments of error together since they all challenge the sufficiency and weight of the evidence supporting his convictions.

## Sufficiency of the Evidence — Knowledge and Belief of Victim's Age

{¶ 13} We begin with Corcoran's claims that the trial court erred in denying his motion for acquittal pursuant to Crim.R. 29 and that his convictions were not supported by sufficient evidence. Crim.R. 29(A) allows a court to acquit a defendant of one or more offenses, "if the evidence is insufficient to sustain a conviction." We apply the same test in reviewing a challenge based on a denial of a motion for acquittal as we would a challenge to the sufficiency of the evidence to support a conviction. *State v. Macalla*, 8th Dist. Cuyahoga No. 88825, 2008-Ohio-569, ¶ 38.

{¶ 14} Our responsibility at the appellate level

is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds*.

**{¶ 15}** Accordingly, we must determine whether the state met its burden of production at trial. *State v. Toby*, 8th Dist. Cuyahoga No. 106306, 2018-Ohio-3369, ¶ 19, citing *State v. Givan*, 8th Dist. Cuyahoga No. 94609, 2011-Ohio-100, ¶ 13. To meet the burden of production a party must "produce sufficient evidence to make out a prima facie case." *State v. Petway*, 2020-Ohio-3848, 156 N.E.3d 467, ¶ 47 (11th Dist.). "A reviewing court is not to assess 'whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.'" *State v. Nelson*, 8th Dist. Cuyahoga No. 100439, 2014-Ohio-2189, ¶ 14, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997).

**{¶ 16}** We may not overturn a conviction based on the insufficiency of the evidence "unless we find that reasonable minds could not reach the conclusion [made] by the trier of fact." *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

**{¶ 17}** If a conviction is based on legally insufficient evidence, retrial is barred. *McFarland,* at ¶ 23. A reversal based on the insufficiency of the evidence has the same effect as a verdict of not guilty "because it means that no rational factfinder could have voted to convict the defendant." *McFarland* at ¶ 23, quoting *Thompkins* at 387.

**{¶ 18}** In the instant case, Corcoran challenges the element of mens rea in his case, arguing that there was legally insufficient evidence to establish that he knew or believed that "Logan" was 15 years old, or was reckless in that regard.

{¶ 19} In the charge of attempted unlawful sexual conduct with a minor, an attempt is committed when a person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, engages in conduct that, if successful, would constitute or result in the offense. R.C. 2923.02. Unlawful sexual conduct with a minor is accomplished when a person who is eighteen years of age or older engages in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard. R.C. 2907.04(A).

{¶ 20} The charge of importuning is accomplished when a person recklessly solicits another by means of a telecommunications device to engage in sexual activity with the offender when the offender is eighteen years of age or older and the other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age. R.C. 2907.07(D)(2) (renumbered to R.C. 2907.07(E)(2) effective Apr. 4, 2023).

{¶ 21} Corcoran's sole challenge for these two charges is whether there was legally sufficient evidence to find that he knew or believed that "Logan" was fifteen or was reckless in that regard. We will begin with attempted unlawful sexual

conduct with a minor that requires proof that the offender knew that the other person was over thirteen but under sixteen years of age or was reckless in that regard. Starting with knowingly, we note that

> [a] person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

R.C. 2901.22(B).

{¶ 22} Here, even when looking at the evidence in a light most favorable to the prosecution, we cannot find that the record established that there was a high probability that Corcoran knew that "Logan" was older than 13 but younger than 16 years of age. The evidence established that the Manhunt website required participants to aver they were at least 18 to sign up. Furthermore, the website was set up so that the user's self-submitted age was prominently displayed. Additionally, Manhunt was intended for explicitly adult sexual encounters. When contrasted with "Logan's" one statement "that 15 yo lyfe," we cannot say that it was probable that Corcoran knew that "Logan" was underage. Even the other indicators of youth were not sufficient to establish knowledge that "Logan" was 15. The fact that he lived with his mother, was doing homework, and was sexually inexperienced could have easily applied to an 18-year-old as well as a 15-year-old. Accordingly, there was insufficient

evidence to establish that Corcoran knew "Logan" was over thirteen but under sixteen years of age.

{¶ 23} In contrast, importuning requires evidence that the offender "believes" the other person is older than thirteen but less than sixteen years of age, or is reckless in that regard. Believe is not a mens rea defined in R.C. 2901.22, nor is it defined in R.C. 2907.07, the importuning statute, or R.C. 2907.01, the definitions section for R.C. Chapter 2907. Where a word is not specifically defined by statute, we must use the word's common meaning. *Stewart v. Vivian*, 151 Ohio St. 3d 574, 2017-Ohio-7526, 91 N.E.3d 716, ¶ 25. To "believe" is "(1) to feel certain about the truth of; to accept as true;" or "(2) to think or suppose." *Black's Law Dictionary* 189 (11th Ed. 2019).

{¶ 24} Given the foregoing, there was insufficient evidence presented to establish that Corcoran believed "Logan" was between 13 and 15. "Logan" never stated his actual age, and all other evidence presented established an age of 18. Additionally, the record did not reflect any evidence that Corcoran affirmed or acknowledged that "Logan" was within the prohibited age range.

{¶ 25} We now turn to whether there was sufficient evidence in the record to establish, pursuant to both the attempted unlawful sexual conduct with a child and importuning statutes, whether Corcoran was reckless with respect to "Logan's" age.

**Sufficiency of the Evidence – Recklessness with Respect to Victim's Age**

{¶ 26} Even if there was insufficient evidence to establish knowledge or belief that the other person was under the age of 16 but older than 13, a defendant may still

be found guilty of attempted unlawful sexual conduct with a minor and/or importuning if the defendant was reckless with respect to the age of the victim. Accordingly, because this is an element of both crimes, we will combine our analysis of whether there was sufficient evidence to establish that Corcoran was reckless with respect to "Logan's" age.

{¶ 27} An offender acts recklessly when

> * * * with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C).

{¶ 28} The comments to R.C. 2901.22 explain the distinction between knowingly and recklessly, noting that

> [b]asing the definition of knowledge on probability and the definition of recklessness on likelihood is intentional. Something is "probable" when there is more reason for expectation or belief than not, whereas something is "likely" when there is merely good reason for expectation or belief.

R.C. 2901.22 (1974 Committee Comments to H511).

{¶ 29} Looking at the evidence in a light most favorable to the prosecution, we do find that sufficient evidence was presented to establish the element of recklessness with respect to "Logan's" age. Despite the adult and explicitly sexual nature of the website, there were multiple factors that pointed to "Logan" being older than 13 and under 16. Those factors included "Logan's" reference to his youth and inexperience, doing homework, living with his mother, the statement "that 15

yo lyfe," and the age-regressed photo in his profile picture as well as separate photos he later texted to Corcoran. Additionally, Corcoran exhorted Logan to get his homework done. These factors together were sufficient to establish that it was likely that "Logan" was younger than the profile age, likely 15, since he referenced that number, and Corcoran disregarded a substantial and unjustifiable risk that "Logan" was 15 by continuing the interaction and agreeing to meet "Logan" in person.

{¶ 30} Accordingly, there was sufficient evidence to establish that Corcoran was reckless with respect to "Logan's" age. Furthermore, because Corcoran does not challenge the remaining elements of either attempted unlawful sexual conduct with a minor or importuning, there was sufficient evidence to support the conviction for these crimes.

**Sufficiency of Evidence – Possession of Criminal Tools**

{¶ 31} In regards to the possession of criminal tools charge, we find there was sufficient evidence as to the elements of that crime to support the conviction. The charge of possessing criminal tools, in this case, is accomplished when someone possesses or has under their control any substance, device, instrument, or article — here a Toyota Camry, body lotion, lubricant, condoms, wine, and an iPhone — with the purpose to use it criminally. R.C. 2923.24(A).

{¶ 32} Corcoran's challenge as to this charge argues that because there was legally insufficient evidence to support the crimes of attempted unlawful sexual conduct with a minor and importuning, there was legally insufficient evidence to support his conviction for possession of criminal tools. In other words, if the

evidence was insufficient to establish the first two crimes, the evidence would be insufficient to establish that he possessed criminal tools.

{¶ 33} It is undisputed that Corcoran arrived at the undercover location in his car with condoms, lubricant, and other accouterments for his date with "Logan." The criminal tools statute criminalizes the possession of "any substance, device, instrument, or article, with purpose to use it criminally." R.C. 2923.24(A). In order to present sufficient evidence under the criminal tools statute, the state must show possession and "show that [the offender's] purpose was to violate the law." *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 22. Having determined that there was sufficient evidence to establish the crimes of attempted unlawful sexual conduct with a minor and importuning, Corcoran's possession of the aforementioned items when arrested was sufficient to establish his intent to use them in those crimes.

{¶ 34} Consequently, there was sufficient evidence in the record to establish the crimes for which Corcoran was convicted. Accordingly, to the extent that Corcoran challenges the denial of his motion for acquittal under Crim.R. 29 and the sufficiency of the evidence, the first, second, and third assignments of error are overruled.

**Weight of the Evidence**

{¶ 35} Next, we turn to Corcoran's argument that his convictions were against the manifest weight of the evidence. In analyzing the weight of the evidence, we must consider all of the evidence in the record, the reasonable inferences that

can be made from it, and the credibility of the witnesses to determine "'whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶ 36} The weight of the evidence

> "* * * indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its *effect in inducing belief*."

(Emphasis added.)  *Id.* at 387, quoting *Black's Law Dictionary* 1433 (6 Ed.1990).

{¶ 37} Here, as in the previous assignment of error, the sole issue raised by Corcoran is whether the weight of the evidence supported the jury's finding that Corcoran, knew, under the attempted sexual conduct with a minor charge, or believed, under the importuning charge, that "Logan" was over the age of 13 but under the age of 16, or was reckless in that regard.

{¶ 38} After a thorough review of the record, we find that the greater weight of the evidence supports the jury's verdict in that Corcoran was at least reckless with respect to "Logan's" age.  There was insufficient evidence to establish knowledge or belief that "Logan" was underage.  "Logan" never explicitly stated that he was 15, nor were the other indications of youth so explicit that they distinguished an 18-year-old from a 15-year-old.

{¶ 39} A review of other ICAC cases that have been before the courts of appeals show that the undercover agents usually are more explicit in identifying their undercover identity's age. This practice is necessary because the state must establish that the offender "believes" the other person is in the prohibited age range to prove importuning. *See State v. McCullough*, 5th Dist. Stark No. 2020 CA 00150, 2021-Ohio-2616 (undercover officer pretended to be a young girl on Facebook, and explicitly told the offender that she was "14 about to be 15" years old prior to the offender asking the undercover officer for sex); *State v. Koran*, 8th Dist. Cuyahoga No. 110923, 2022-Ohio-2410 (undercover officer, who was portraying a young boy on the app Grindr told the offender that he was probably too young for him, and then asked "im 15 that cool?"); *State v. Davis*, 8th Dist. Cuyahoga No. 111365, 2022-Ohio-3921 (undercover asked offender if he was into younger girls, and when asked how young, responded "15"); *State v. Harris*, 8th Dist. Cuyahoga No. 111599, 2023-Ohio-454 (undercover officer told offender, "I'm 15 that chill with you?; it's consensual").

{¶ 40} Here, although the undercover agent could have been more explicit, the greater weight of the evidence establishes that Corcoran was reckless with respect to "Logan's" age. "Logan's" profile picture displayed a very young male, not outside the realm of possible physiques for an 18-year-old, but it could also skew younger. "Logan" indicated he was sexually inexperienced and had not had sex with a male before. Again, this could be true for an 18-year-old, but it also suggests someone younger. When you add to that the comment, "that 15yo lyfe," his

reference to doing homework, living with his mother, and additional pictures sent through text messages that were more youthful than the profile picture, they establish that Corcoran acted with heedless indifference to the consequences, and disregarded a substantial and unjustifiable risk that "Logan" was under the age of 16, but older than the age of 13. Therefore, the greater weight of the evidence established the element of recklessness with respect to "Logan's" age.

{¶ 41} Consequently, the weight of the evidence supported the jury's guilty verdicts on the attempted unlawful sexual conduct with a minor and importuning charges. Therefore, because the weight of the evidence supported the findings of guilty on those charges, the evidence established that Corcoran's act of travelling to "Logan's" location with items to complete the crime, supported the conviction of possession of criminal tools.

{¶ 42} Accordingly, the first, second, and third assignments of error are overruled.

**Ineffective Assistance of Counsel**

{¶ 43} Finally, in the fourth assignment of error, Corcoran alleges that he received ineffective assistance of counsel when his trial counsel failed to seek a pretrial dismissal of the indictment due to ICAC's failure to follow the United States Department of Justice guidelines pertaining to ICAC investigations, and that that failure amounted to "outrageous government misconduct."

{¶ 44} To support this argument, Corcoran suggests that the government acted improperly when "Logan" failed to unambiguously disclose his age. Corcoran

focuses on the statement, "that 15 yo lyfe" and points out that it is not a disclosure and could have multiple meanings. Next, Corcoran argues that "Logan" acted improperly by reinitiating contact with Corcoran after he failed to text "Logan" at a preappointed time. At one point during the conversation, Corcoran informed "Logan" that he would text him around 6 p.m. At the appointed time, Corcoran did not text. "Logan" then sent Corcoran a kiss emoji at 6:06 p.m. Corcoran argues that this contact escalated the encounter and that it violated ICAC/Department of Justice guidelines. The two instances combined, Corcoran alleges, amount to outrageous government conduct that could have been a basis for a dismissal had trial counsel raised the issue.

{¶ 45} Ineffective assistance of counsel is established when a defendant demonstrates that "(1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Harris*, 8th Dist. Cuyahoga No. 110982, 2022-Ohio-4630, ¶ 48, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A failure to demonstrate that the facts meet either requirement defeats a claim of ineffective assistance of counsel. *Id.*, citing *Strickland* at 697.

{¶ 46} When a defendant bases his claim of ineffective assistance of counsel on the failure to file a motion to dismiss, he "must show that the motion would have been successful and the case would likely have been dismissed." *State v. Mango*, 8th Dist. Cuyahoga No. 103146, 2016-Ohio-2935, ¶ 18.

{¶ 47} Corcoran alleges his counsel was ineffective for failing to file a motion to dismiss based on the outrageous government conduct defense.

{¶ 48} The outrageous government conduct defense is designed to look at the conduct of the government and determine whether the conduct was "so outrageous as to violate due process." *State v. Cunningham*, 156 Ohio App.3d 714, 2004-Ohio-1935, 808 N.E.2d 488, ¶ 20 (2d Dist.).  This defense "is an extraordinary defense reserved for only the most egregious circumstances.  It is not to be invoked each time the government acts deceptively or participates in a crime it is investigating." *United States v. Sneed*, 34 F.3d 1570, 1577 (10th Cir.1994).

{¶ 49} There are two factors that must be demonstrated to establish the outrageous government conduct defense:  (1) government creation of the crime and (2) substantial coercion.  Under the first factor, governmental creation of the crime exists where "there has been excessive governmental involvement in generating a new crime solely to prosecute it or in inducing a defendant to become involved in the crime for the first time."  *Id.*  Excessive governmental involvement is found "when the government engineers and directs the criminal enterprise from start to finish and the defendant contributes nothing more than his presence and enthusiasm." *Id.*, citing *United States v. Harris*, 997 F.2d 812, 816 (10th Cir.1993).

{¶ 50} *See, e.g.*, *United States v. Twigg*, 588 F.2d 373, 381 (3d Cir.1978) (outrageous government conduct existed when the government agent in a methamphetamine case, supplied the necessary ingredient, purchased almost all of the supplies, established the lab, and was the only person who knew how to

manufacture methamphetamine); *Greene v. United States*, 454 F.2d 783, 786-787 (9th Cir.1971) (government barred from prosecuting defendants because it was so enmeshed in the criminal activity from the start, and the government reestablished and sustained a bootlegging operation where the government was the only customer).

{¶ 51} In the instant case, Corcoran has failed to establish the first prong of the outrageous government conduct defense. Preliminarily, although Corcoran argues that the state's witnesses failed to follow DOJ guidelines, that was not apparent from the record. In fact, Commander David Frattare, special investigator for the Cuyahoga County Prosecutor's Office and statewide commander for ICAC, testified that there were no federal guidelines with respect to an agent identifying his undercover identity's age.

{¶ 52} However, even if "Logan" had failed to follow some set of rules, that would not be the type of outrageous government conduct contemplated in the defense. The concern is that the government is so enmeshed in an investigation that they provide all or most of the implements for the crime to occur such that the offender is a minor actor and not a core participant in the crime. Here, the government used a commercial app, just as any other user would. The government did not create Manhunt. Further, Corcoran contacted "Logan" first seeking to meet. "Logan" did not pick Corcoran, he merely responded to the messages he received.

{¶ 53} Coercion is the second part of the defense and addresses "whether the government's means of influencing the defendant into participating in the scheme

[was] substantially coercive to the point of being outrageous." *Sneed*, 34 F.3d 1570, 1578 (10th Cir.1994). An example of this type of "substantial coercion" are allegations that the government jailed a defendant for trumped up charges, then induced him to participate in a cocaine buy, in order to raise money to obtain bail. *United States v. Mosley*, 965 F.2d 906, 912 (10th Cir.1992), citing *United States v. Bogart*, 783 F.2d 1428, 1430 (9th Cir.1986).

{¶ 54} In this case, Corcoran alleges that "Logan" sent a kiss emoji, which Corcoran then responded and restarted his interaction with the undercover officer. This is not substantially coercive government action. Corcoran was fully able to ignore the message. Also, the government did not make any promises of reward or punishment to influence Corcoran to act on the message. For instance, substantial coercion was found where the government promised substantial returns on a "legitimate" investment, however, the only way to access the "legitimate" investment was a cocaine deal. *Mosley*, citing *United States v. Batres-Santolino*, 521 F.Supp. 744, 749 (N.D.Cal.1981). Corcoran chose to reengage with "Logan"; he was not coerced.

{¶ 55} Corcoran has failed to establish that he would have prevailed on the motion if his trial counsel had filed a motion to dismiss on this basis. The facts do not support the outrageous government conduct defense, and counsel did not err for choosing not to file such a defense.

{¶ 56} Additionally, Corcoran's trial counsel did address concerns with the investigation by filing a pretrial motion to dismiss alleging discovery and due

process violations. Counsel elected to focus on the government's failure to preserve "Logan's" Manhunt profile. The trial court heard an oral argument on the motion shortly before trial and denied the motion to dismiss. Although counsel did not raise the issue in the way Corcoran suggests, it is not ineffective assistance of counsel to decide not to raise an issue when doing so would have been futile. *State v. Edwards*, 8th Dist. Cuyahoga No. 69077, 1996 Ohio App. LEXIS 3033, at ¶ 4 (July 11, 1996).

{¶ 57} Accordingly, the fourth assignment of error is overruled.

{¶ 58} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN A. GALLAGHER, J., CONCUR